UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALONZO E. ALLEN, Petitioner | CIVIL ACTION NO. 5:17-CV-1262-P |
| VERSUS | JUDGE S. MAURICE HICKS JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Alonzo E. Allen ("Allen") (#246187). Allen is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Allen challenges his sentence imposed in the 42nd Judicial District Court, DeSoto Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. <u>Background</u>

Allen was convicted of possession with the intent to distribute cocaine, oxycodone, hydrocodone, and diazepam; possession of a firearm with a controlled dangerous substance; and, possession of a firearm by a convicted felon. The trial court determined Allen was a second-felony offender. <u>State v. Allen</u>, 48,324 (La. App. 2 Cir. 6/26/13), 118 So. 3d 514, 516, <u>writ denied</u>, 2013-2086 (La. 3/21/14), 135 So. 3d

616, cert. denied, 134 S. Ct. 2710 (2014). Allen was sentenced to a total of 40 years at hard labor. Id.

The conviction and sentences were affirmed, and the Louisiana Supreme Court denied writs. Id. Allen sought further review in the United States Supreme Court, which was denied on June 2, 2014. Allen v. Louisiana, 134 S. Ct. 2710 (2014).

Allen filed an application for post-conviction relief on June 5, 2015, which was signed and dated May 22, 2015. (Doc. 1, pp. 3, 14). The application was denied "[f]or the reasons stated in the State's opposition…." (Doc. 1-2, p. 70). The Second Circuit Court of Appeal denied Allen's writ application "[o]n the showing made." (Doc. 1-2, p. 88). The Louisiana Supreme Court denied writs on August 4, 2017. State ex rel. Allen v. State, 2016-0074 (La. 8/4/17), 222 So. 3d 45.

II. Law and Analysis

    A. Allen's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Allen's conviction became final for AEDPA purposes on Jun 2, 2014, the date the United States Supreme Court denied writs on direct review. Thus, the one-year limitations period began to run on that date.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)).

Allen's application for post-conviction relief was filed on June 5, 2015, but was signed and dated May 22, 2015. (Doc. 1-2, pp. 24, 35). Therefore, tolling of the one-year limitations period began, at the earliest, on May 22, 2015. The prescriptive period resumed on August 4, 2017, when the Louisiana Supreme Court denied writs and Allen's post-conviction proceedings were no longer pending. At that time, Allen had 11 days remaining on the one-year limitations period, which expired on August 15, 2017. Allen's § 2254 petition, filed on October 2, 2017, was not signed and submitted to the prison mailing system until September 29, 2017, 45 days past the expiration of the one-year limitations period.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645

(2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Allen submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

### III. Conclusion

Because Allen's § 2254 petition is untimely, IT IS RECOMMENDED that the petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

4

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 6th day of December, 2017.

                                              Joseph H.L. Perez-Montes
                                              United States Magistrate Judge